UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Gerald Trooien,

Case No. BKY 10-37695

Debtor.

Chapter 11 Case

**APPLICATION BY DEBTOR TO EMPLOY CHAPTER 11 COUNSEL**
**(FREDRIKSON & BYRON, P.A.)**

TO: United States Bankruptcy Judge and the United States Trustee and other parties in interest identified in Local Rule 2014-1.

1. The above-named debtor ("Debtor") has filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, Title 11, United States Code, and require representation in the course of these cases.

2. Debtor wishes to employ the law firm of Fredrikson & Byron, P.A., including lawyers in its bankruptcy group ("Fredrikson & Byron"), to represent or to assist Debtor in carrying out its duties under Title 11 of the United States Code, and to perform other legal services necessary to Debtor's continuing operations.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petitions in these cases were filed on October 25, 2010 (the "Filing Date"). The case is now pending in this Court.

4. This Application arises under 11 U.S.C. §§ 327 and 328, and Bankruptcy Rule 2014. This Application is filed under Local Rules 2014-1 and 9013-4. Debtor seeks an order authorizing the employment of Fredrikson & Byron, P.A.

5. Debtor believes that these attorneys are competent and experienced in Chapter 11 and related bankruptcy matters.

6. Debtor has employed Fredrikson & Byron from time to time in the past in regard to various business matters and has paid the firm for services and costs incurred prior to the Filing Date, and for payment of the filing fees with the unapplied balance to serve as a chapter 11 retainer. Debtor has agreed that Fredrikson & Byron will hold any retainer in trust for application against its final allowed fees. Because the retainer described above will be nominal, and the services are expected to be extensive, Debtor requests that Debtor be allowed to pay a post-petition retainer of $25,000 to be held in trust and applied as permitted by court order.

7. Debtor proposes that employment be on a general retainer with fees to be paid on a reasonable fee basis, dependent primarily on the number of hours expended, but taking into consideration any risk that there may not be funds available to pay fees, any delay in making payments of fees, and such other factors as may be appropriate, subject to the approval of the Court.

8. In accordance with paragraph 9 of this Court's Instructions for Filing a Chapter 11 Case, Debtor proposes that (a) Fredrikson & Bryon be authorized to schedule a hearing on its applications for allowance of fees and reimbursement of expenses not more than once every sixty (60) days, (b) Fredrikson & Byron be allowed to submit regular monthly bills to the Debtor, with copies to the Committee of Unsecured Creditors and the Office of the United States Trustee, and (c) the Debtor be authorized to pay up to 80% of such fees and 100% of costs on a monthly basis, subject to later court approval.

9. Debtor has reviewed the Unsworn Declaration of Jeffrey R. Benson and believes the attorneys selected by Debtor does not represent any non-Debtor entity in connection with this case, do not hold or represent any interest adverse to the estates, and are disinterested under § 327 of the Bankruptcy Code. In the event the United States Trustee, the Court, or other party

asserts or is concerned that Fredrikson & Byron is not disinterested, Debtor requests that a hearing be scheduled.

10. No previous application has been made for employment of Chapter 11 attorneys.

11. This application has been served on the parties set out in Local Rule 2014-1(a).

WHEREFORE, the above-named Debtor requests an order approving the employment of the law firm of Fredrikson & Byron, P.A. as Chapter 11 counsel for Debtors.


Date: 10/25/10

Gerald Trooien

4820750_2.DOC

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Gerald Trooien,                                    Case No. BKY 10-37695

                    Debtor.                         Chapter 11 Case

**UNSWORN DECLARATION OF JEFFREY R. BENSON
AND STATEMENT OF COMPENSATION**

Jeffrey R. Benson makes the following declaration in support of the application of the above-named Debtor ("Debtor") to employ Fredrikson & Byron, P.A. ("Fredrikson & Byron") as Chapter 11 counsel, and in compliance with 11 U.S.C. § 329(a), Bankruptcy Rule 2016(b), and Local Rule 1007-1.

1. I am a shareholder in the law firm of Fredrikson & Byron. I make this Unsworn Declaration in support of the Debtor's Application to Employ Fredrikson & Byron as Chapter 11 counsel in this case.

2. Fredrikson & Byron has performed a conflict check against a list of parties-in-interest furnished by the Debtor, including Debtor's affiliates and creditors. To the best of my knowledge and except as set out below, Fredrikson & Byron does not represent or have a connection to any of these parties-in-interest or any other entity currently known to me to have a connection with this case. Fredrikson & Byron further agrees not to represent any other entity in connection with this case while employed by the Debtor. The firm will supplement this declaration, as necessary, after a final conflict check is completed as to all known parties-in-interest, and when and if other parties-in-interest become known.

3. Neither Fredrikson & Byron nor any member of Fredrikson & Byron has ever been a director, officer or employee of the Debtor, or an insider of the Debtor.

4. Based on the above-referenced conflicts check, and to the best of my knowledge, neither I nor Fredrikson & Byron have represented or had any connection with the Debtor, his creditors, or any other party in interest, his attorneys or accountants, the United States Trustee, or any other person employed in the office of the United States Trustee within the meaning of Bankruptcy Rule 2014, except as stated below:

(a) Since January of 2004 Fredrikson & Byron has rendered legal services to Debtor and to various entities directly or indirectly owned by Debtor, principally in connection with Debtor's real estate projects. During 2010, Fredrikson & Byron has also rendered legal services to this Debtor regarding debtor-creditor issues leading up to the case filing. Fees and costs for said representation have been paid as set out in paragraph 7 below.

(b) In the twelve month period prior to the Filing Date, the firm provided legal services to Debtor and to entities directly or indirectly owned by Debtor and was paid a total of approximately $294,186.25. Fredrikson & Byron is owed approximately $185,000.00 for fees and expenses. Fredrikson & Byron is willing to waive that claim as a claim against the estate provided it is authorized to represent the Debtor in this case and that authorization continues during the case.

(c) In the past 10 years, Fredrikson & Byron has represented, on matters unrelated to the Debtor, the following entities that may be creditors. None is a current client.

- Bank of the West
- Private Bank Minnesota
- Dorsey & Whitney, PLLP
- American Express Financial Advisors, Inc.
- First National Bank of Deerwood
- Lifetime Fitness, Inc.

(d) Fredrikson & Byron currently represents PNC Bank, National Association ("PNC") on a matter that is entirely unrelated to Debtor and this case. PNC holds a large unsecured claim against the Debtor and is a creditor and holds a mortgage with respect to Shepard Road Acquisition Company, LLC, a business owned by the Debtor. PNC has agreed to Fredrikson & Byron's representation on the condition that the firm will not use any information gained from representation of PNC to the detriment of PNC, or to represent or advise Debtor with respect to (i) any dispute, claim, or litigation that Debtor

may initiate against PNC, or (ii) any motion or adversary proceeding initiated by Debtor in which Debtor has an adverse interest to PNC.

   (e) Fredrikson & Byron currently represents the following entities who may be creditors or parties-in-interest herein, all in matters entirely unrelated to Debtor and this case. Each of these entities has waived or has been asked and is expected to waive any potential conflict in the firm's representation of the Debtor herein. In the event a dispute arises involving one of these clients, Fredrikson & Byron will not represent either party, and the Debtor will be represented by other counsel.

- Visitation School
- Minnesota Power
- Excel Energy
- Aspen Waste Systems, Inc.

These creditors provide services to the Debtor personally and as of the petition date may or may not hold claims. If they hold claims, the amount will be nominal.

   (f) Fredrikson & Byron in the past has represented clients in at least one matter adverse to Debtor, but none of those matters is open. None of those clients or former clients appears to be a creditor or party in interest in the Chapter 11 case.

   (g) Fredrikson & Byron is frequently involved in Chapter 11 cases, representing debtors or creditors. As such, the firm is often adverse to the Office of the United States Trustee, and is often adverse to or allied with other attorneys and accountants and the interests of their clients.

None of the above relationships constitute actual conflicts, but may be "connections" within the meaning of Rule 2014 or potential conflicts, and are therefore disclosed. Both the firm clients and the Debtor has been advised of potential conflicts noted above and, where necessary, have waived any such conflicts.

   5. There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, Fredrikson & Byron has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties-in-interest in this case while representing Debtor, without further disclosure, and we agree to disclose any connections that we may discover subsequent to the execution of this unsworn declaration.

6. Except as the Court may determine from the circumstances disclosed above, Fredrikson & Byron does not hold or represent any interest adverse to the estate, and Fredrikson & Byron is a "disinterested person," within the meaning of 11 U.S.C. § 327(a).

7. As noted above, Fredrikson & Byron represented Debtor prior to the filing date. The firm recently received a payment from the Debtor out of which prepetition fees for current services and the filing fee will be paid. Sums, if any, remaining from this payment will be held as a Chapter 11 retainer, but this amount is expected to be small (less than $10,000). To the extent there are any unpaid fees and costs for the few days prior to the Filing Date, those fees and costs will be included and fully disclosed in Fredrikson & Byron's first interim fee application.

8. Also as described above, at the request of the Debtor, Fredrikson & Byron has provided legal services to entities owned by Debtor. Much of the work consists of real estate work, including, more recently, debtor-related matters. On a going forward basis it is proposed that each such entity pay separately for such work. We also represent certain entities owned by the Debtor on on-going real estate tax petitions undertaken on a contingency-fee basis and have or may have lien rights in the receipts of tax refunds. The provision of all those services is beneficial to the estate of the Debtor because it helps maintain the value of those entities, the ownership of which is property of the estate. As a general matter, these entities are neither creditor or debtor to the Debtor. When schedules are filed, if there are exceptions to this general statement, an amended disclosure will be filed. In any event, Fredrikson & Byron agrees not to represent any of these entities with respect to the Chapter 11 case of Debtor. Separate counsel will be retained by each of these entities to the extent they need services related to the Chapter 11 case.

9. The compensation agreed to be paid by the Debtor to Fredrikson & Byron for its representation in this bankruptcy case is the hourly rates customarily charged by Fredrikson & Byron, plus consideration for any risk that there may not be funds available to pay fees, any delay in payment of fees, and such other factors as may be appropriate, plus reimbursable expenses, all as may be allowed by the Court following periodic fee application.

10. The filing fee paid in this case is paid from Debtor's funds held in trust by Fredrikson & Byron.

11. The services rendered or to be rendered by Fredrikson & Byron as Chapter 11 counsel include the following:

(a) Analyzing the Debtor's financial situation and rendering advice and assistance in determining how to proceed, which has included advice, negotiation and preparation of documents for a Chapter 11 filing;

(b) Assisting with preparation of filing of the petition, exhibits, attachments, schedules, statements, and lists, for stay motions, and other documents required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the Court in the course of this bankruptcy case;

(c) Representing the Debtor at the meeting of creditors;

(d) Negotiating with creditors and other parties-in-interest;

(e) Making and responding to motions, applications and other requests for relief on behalf of the Debtor;

(f) Working with Debtor and other parties to obtain approval of any sale process and representing the estate in any sale;

(g) Working with and presenting any plan and disclosure statement; and

(h) Performing other services requested by the Debtor or services reasonably necessary to represent the Debtor in this case.

12. The future source of all payments to Fredrikson & Byron will be from assets of the Debtor. Except as set out above, Fredrikson & Byron has not received and will not receive transfer of property other than such payments of the Debtor for services provided to Debtor.

13. Fredrikson & Byron has not shared or agreed to share with any other person, other than with members of the firm, any compensation paid or to be paid.

14. Fredrikson & Byron requests that it be allowed to schedule fee applications at 60 day intervals and to receive monthly payment from the Debtor in accordance with the procedures set out in paragraph 8 of Court's Instructions for Filing a Chapter 11 Case, as requested by the Debtor in his Applications herein. Fredrikson & Byron is currently among the three largest law firms in Minnesota, with annual revenues exceeding $200 million dollars. The firm is experienced in representing debtors in Chapter 11 cases, is aware of the conflict and disgorgement rules regarding representation of debtors in Chapter 11 cases, and has the financial ability to return fees if the Court so orders at any point in the case.

15. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: October 25, 2010

Jeffrey R. Benson
FREDRIKSON & BYRON, P.A.

4820720

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Gerald Trooien,

Debtor.

Case No. BKY 10-37695

Chapter 11 Case

**ORDER APPROVING EMPLOYMENT OF
CHAPTER 11 ATTORNEYS FOR DEBTOR
(Fredrikson & Byron, P.A.)**

Upon the application by the debtor to employ the law firm of Fredrikson & Byron, P.A. in this Chapter 11 case, it appears that it is necessary for the debtor to employ Chapter 11 counsel, it appears that the attorneys selected by the debtor does not hold or represent an interest adverse to the estates and that they are disinterested within the meaning of 11 U.S.C. § 327(a).

IT IS HEREBY ORDERED:

1. The employment by the debtor-in-possession of Fredrikson & Byron, P.A. to represent the debtor-in-possession in carrying out its duties under Title 11 is approved.

2. Fee applications by Fredrikson & Byron, P.A. may be heard on 90-day intervals from commencement of the case.

3. The debtor-in-possession is authorized to pay monthly invoices of Fredrikson & Byron P.A. under the procedures in Instruction No. 9(c) of the Instructions for Filing a Chapter 11 Case, adopted by this court effective January 27, 2003.

4. The debtor is authorized to pay a post-petition retainer as requested in the application to be held in trust and applied as permitted by court order.

Dated: _____

Nancy C. Dreher
Chief United States Bankruptcy Judge