**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                  Bankruptcy No. 10-37695
                                                                              Chapter 11 Case
**Gerald Trooien a/k/a**
**Gerald Lee Trooien a/k/a Jerry Trooien,**

                        Debtor.

---

**NOTICE OF HEARING AND MOTION FOR MISCELLANEOUS RELIEF OR, IN THE**
**ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY**

---

TO:     Debtor and other entities specified in Local Rule 9013-3.

        1.      General Electric Capital Corporation and GECPAC Investment II, Inc. (together,

"GE Capital") hereby gives notice that a hearing on its Motion for Miscellaneous Relief or, in

the Alternative, Relief From the Automatic Stay ("Motion") will be held at 10:30 a.m. on

November 3, 2010 before the Honorable Nancy C. Dreher, Courtroom 7 West, U.S. Courthouse,

300 South Fourth Street, Minneapolis, Minnesota 55415.

        2.      Local Rule 9006-1(b) provides deadlines for responses to the Motion. However,

given the expedited nature of the relief sought, GE Capital does not object to written responses

being served and filed immediately prior to the hearing. **UNLESS A RESPONSE OPPOSING**

**THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION**

**WITHOUT A HEARING.**

        3.      GE Capital brings this Motion on an expedited basis pursuant to 11 U.S.C. § 362

and Bankruptcy Rule 4001. This Motion is filed under Bankruptcy Rule 9014 and Local Rules

9001-1 to 9019-1. GE Capital submits this Motion in connection with its Motion for Civil

Contempt and for the Entry of Judgment for Conversion against certain non-debtor entities

currently pending before the District Court for the District of Minnesota ("District Court") and set for hearing on November 4, 2010, before the Honorable Joan N. Ericksen.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and 362(d). This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

5.     Debtor, Gerald Trooien (the "Debtor"), filed a voluntary petition commencing this Chapter 11 case on October 25, 2010 (the "Petition Date").

6.     GE Capital is a judgment-creditor of the Debtor and certain other non-debtor entities pursuant to a judgment (the "Judgment") entered on December 21, 2009, by the United States District Court for the District of Minnesota (the "District Court") in the case captioned *General Electric Capital Corp., et al. v. JLT Aircraft Holding Company, LLC, et al.* (Case No. 09-cv-01200). The Judgment is in the amount of $17,863,079.66 plus interest.

7.     On July 28, 2010, the District Court entered a charging order against twenty-nine distinct entities (as defined therein, the "Entities"), *inter alia* encumbering the Debtor's transferable interests and financial rights in the Entities and compelling the Entities to provide certain organizational and financial documents to GE Capital. A true and correct copy of the District Court's July 28, 2010 Order is attached hereto as **Exhibit A**.

8.     On September 2, 2010, the District Court entered a turnover order, compelling *inter alia* the Entities to pay over funds to GE Capital. A true and correct copy of the District Court's September 2, 2010 Order is attached hereto as **Exhibit B**.

9.     When the Entities failed to comply with the District Court's September 2, 2010 Order, GE Capital filed on October 18, 2010, its Motion for Civil Contempt and for the Entry of Judgment for Conversion (the "Contempt Motion"), seeking *inter alia* a judgment in its favor and against the following Entities for the conversion GE Capital's collateral: (i) 3200 Como

Assoc., LLC; (ii) Alexandra and Associates, L.L.C.; (iii) Bren Road, L.L.C.; (iv) Fillmore & State Holding Company, LLC; (v) Kennedy Building Associates; (vi) River Properties of St. Paul Limited Partnership; (vii) Team Parking, L.L.C.; (viii) West-Biel, 15.5, LLC; (vi) Shepard Road Acquisition Company, LLC (or Shepard Road Holding Company, LLC); and (vii) Tritech .67, LLC (or TriTech 1.08, LLC), and an order holding the following Entities in contempt for failure to pay over to GE Capital distributions made after September 2, 2010: (i) 3200 Como Assoc., LLC; (ii) Alexandra and Associates, L.L.C.; (iii) Bren Road, L.L.C.; and (iv) Fillmore & State Holding Company, LLC. The Contempt Motion does not seek a finding of contempt or a judgment of conversion against the Debtor, but rather against the Entities stated above (hereinafter collectively, the "Subject Entities"). True and correct copies of the memorandum along with the Declaration of Paul L. Ratelle filed in support of the Contempt Motion are attached hereto as **Exhibit C** and **Exhibit D**, respectively.[1] None of the Subject Entities has filed for bankruptcy protection. GE Capital's Contempt Motion is set for hearing in the District Court on November 4, 2010.

10.     On or after the Petition Date, the Debtor has not filed his schedules or filed any motions or initiated any proceedings.

11.     GE Capital seeks an order from this Court stating that the automatic stay provisions of § 362(a) do not apply to the Subject Entities, none of which is a debtor under the Bankruptcy Code, and do not apply to the Contempt Motion and, accordingly, the Contempt Motion is not stayed by the automatic stay provisions of § 362.

---

[1] The supporting documents for GE Capital's Contempt Motion were filed under seal with the Clerk of Court for the District of Minnesota, pursuant to the District Court's Order dated September 20, 2010. Accordingly, GE Capital requests approval from the Court to file Exhibits C and D under seal.

12.     In the alternative, GE Capital seeks an order modifying the automatic stay to permit it to proceed with the Contempt Motion against the Subject Entities in the District Court.

13.     Additionally, GE Capital requests the Court's approval of filing certain documents under seal in support of its Motion; namely, the Memorandum and the Declaration of Paul L. Ratelle in support of its pending Contempt Motion (respectively, Exhibits C and D of this Motion), which were filed under seal with the District Court pursuant to the District Court's Order dated September 20, 2010.

14.     Pursuant to Local Rule 9013-2(c), because the Motion is based upon facts as to which the Court can take judicial notice or, in the alternative, certify are uncontested facts, GE Capital does not presently intend to call a witness at the hearing on its Motion.  If the Court orders an evidentiary hearing, however, GE Capital reserves the right to have one or more of its representatives and/or a representative of the Debtor to testify as to any such facts.

WHEREFORE, GE Capital, by its undersigned attorneys, requests that the Court grant its Motion for expedited relief and issue an Order: (i) stating that the automatic stay provisions of § 362(a) do not apply to the Subject Entities, none of which is a debtor under the Bankruptcy Code, and do not apply to the Contempt Motion and, accordingly, the Contempt Motion is not stayed by the automatic stay provisions of § 362 or, in the alternative, granting relief from the automatic stay to permit it to proceed with the Contempt Motion against the Subject Entities in the District Court; (ii) ordering that Exhibits C and D attached hereto, which are subject to the District Court's September 20, 2010 Order, be filed under seal; and (iii) in any event, granting such further relief as is just.

Dated: October 28, 2010.

FABYANSKE, WESTRA, HART, & THOMSON, P.A.

By:   /s/ Megan M. Kennedy
      Paul L. Ratelle (#127632)
      Megan M. Kennedy (#389359)
      Jeffrey W. Jones (#311418)
      800 LaSalle Avenue, Suite 1900
      Minneapolis, MN 55402
      (612) 359-7600 (P)
      (612) 359-7602 (F)


      Alexander Terras
      Timothy S. Harris
      Aaron B. Chapin (#386606)
      Reed Smith LLP
      10 South Wacker Drive
      Chicago, IL 60606-7507
      312.207.1000
      Fax 312.207.6400

ATTORNEYS FOR GENERAL ELECTRIC CAPITAL CORPORATION AND GECPAC INVESTMENT, II INC.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

General Electric Capital Corporation and
GECPAC Investment II, Inc.,

Plaintiffs,

v.                                                          Civil No. 09-1200 (JNE/AJB)
                                                            ORDER
JLT Aircraft Holding Company, LLC;
Aircraft No. 1074 Company, LLC; and
Gerald L. Trooien,

Defendants.

This case is before the Court on the motion of General Electric Capital Corporation and

GECPAC Investment II, Inc. (collectively, Plaintiffs), for a charging order against Gerald L.

Trooien pursuant to Minn. Stat. §§ 321.0703, 322B.32, 323A.0504 (2008) and Del. Code Ann.

tit. 6, § 18-703 (2010).  For the reasons set forth below, the Court grants the motion.[1]

## I.       BACKGROUND

Plaintiffs sued Trooien, JLT Aircraft Holding Company, LLC, and Aircraft No. 1074

Company, LLC, alleging breach of contract with respect to two loan and security agreements.

On December 18, 2009, the Court granted summary judgment in favor of Plaintiffs on their

breach of contract claims.  Judgment was entered on December 21, 2009.  According to the

Judgment, JLT Aircraft Holding Company and Trooien are jointly and severally liable to

GECPAC Investment II in the amount of $13,139,252.74, plus interest, and Aircraft No. 1074

Company and Trooien are jointly and severally liable to General Electric Capital in the amount

of $4,723,826.92, plus interest.  The Judgment is wholly unsatisfied.

---

[1]      Trooien requested oral argument in his memorandum in response to Plaintiffs' motion.
The Court has determined that oral argument is unnecessary.

1


EXHIBIT
A

Trooien holds interests in the following Delaware limited liability companies and

Minnesota partnerships and limited liability companies (collectively, Entities, and each

individually, an Entity):

1.    Kennedy Building Associates, a Minnesota general partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

2.    676 Bielenberg Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

3.    Revenue Building Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

4.    River Properties of St. Paul Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

5.    Midway Warehouse Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

6.    JLT Mobil Building Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

7.    Trooien & Associates Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

8.    Summit Aircraft Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

9.    Minnesota Choice Aviation II, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Road, Little Canada, MN, 55117;

10.    Minnesota Choice Aviation III, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Road, Little Canada, MN, 55117;

11.    Bren Road, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

2

12.   Shepard Road Acquisition Company, L.L.C., a Delaware limited liability
      company, with a registered office located at 10 River Park Plaza #800, St.
      Paul, MN 55107;

13.   Shepard Road Holding Company, LLC, a Minnesota limited liability
      company, with a registered office located at 10 River Park Plaza #800, St.
      Paul, MN 55107;

14.   Alexandra & Associates, L.L.C., a Delaware limited liability company,
      with a registered office located at 10 River Park Plaza #800, St. Paul, MN
      55107;

15.   Alexandra & Associates, LLC, a Minnesota limited liability company,
      with a registered office located at 10 River Park Plaza #800, St. Paul, MN
      55107;

16.   TEAM PARKING, L.L.C., f/k/a Park 'n Jet, LLC, a Delaware limited
      liability company, with a registered office located at 10 River Park Plaza
      #800, St. Paul, MN 55107;

17.   3200 Como Assoc., LLC, a Delaware limited liability company, with a
      registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

18.   Hiawatha Acquisitions, LLC, a Minnesota limited liability company, with
      a registered office located at 10 River Park Plaza #800, St. Paul, MN
      55107;

19.   TriTech .67, LLC, a Minnesota limited liability company, with a
      registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

20.   TriTech 1.08, LLC, a Minnesota limited liability company, with a
      registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

21.   North Prior, L.L.C., a Delaware limited liability company, with a
      registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

22.   JLT East River Road, LLC, a Minnesota limited liability company, with a
      registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

23.   Fillmore & State Holding Company, LLC, a Minnesota limited liability
      company, with a registered office located at 10 River Park Plaza #800, St.
      Paul, MN 55107;

24.   Battle Creek Lake Acquisition Company, LLC, a Minnesota limited
      liability company, with a registered office located at 10 River Park Plaza
      #800, St. Paul, MN 55107;

3

25. Century & Lake Holding, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

26. North Tamarack Associates, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

27. West-Biel 15.5, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

28. JLT Aircraft Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107; and

29. JC Membership Investment Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107.

Plaintiffs seek a charging order encumbering Trooien's transferable interests and financial rights in the Entities and compelling the Entities to provide certain organizational and financial documents to Plaintiffs indicating the value of those interests and rights.

## II.   DISCUSSION

Rule 69(a) of the Federal Rules of Civil Procedure, which governs the enforcement of final judgments in federal court, provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Under Minnesota law, a charging order is the exclusive remedy by which a judgment creditor may satisfy a judgment out of a partner's or member's interest or financial rights in a general partnership, limited partnership, or limited liability company. Minn. Stat. §§ 321.0703(e), 322B.32, 323A.0504(e). Similarly, a charging order is the exclusive remedy under Delaware law by which a judgment creditor may satisfy a judgment out of a member's interest in a limited liability company. Del. Code Ann. tit. 6, § 18-703(d).

4

A charging order constitutes a lien on the judgment debtor's transferable interest or financial rights in the partnership or limited liability company. Del. Code Ann. tit. 6, § 18-703(b); Minn. Stat. §§ 321.0703(b), 323A.0504(b); *see generally* Carter G. Bishop & Daniel S. Kleinberger, *Limited Liability Companies: Tax & Business Law* § 5.04 (2009) ("The charging order derives from partnership law, is analogous to a lien on the economic part of the member's membership interest, and entitles the charging party only to whatever distributions the member would otherwise be entitled to receive." (footnote omitted)). Accordingly, a charging order permits the judgment creditor to receive the distributions from the partnership or limited liability company to which the judgment debtor is entitled as a partner, limited partner, or member. *See* Del. Code Ann. tit. 6, § 18-703(a); Minn. Stat. §§ 321.0102(22), 322B.03, subd. 19, 323A.0502 (2008).

A.   **Personal jurisdiction**

Trooien contends that the Court may not require the non-debtor Entities to produce the organizational and financial documents sought by Plaintiffs because the Court lacks personal jurisdiction over those Entities. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (holding that the exercise of personal jurisdiction over a defendant requires "notice to the defendant," (2) "a constitutionally sufficient relationship between the defendant and the forum," and (3) "authorization for service of summons on the defendant"). Specifically, Trooien contends that the non-debtor Entities are not parties to this action and were not served with process.[2] A court may order the production of documents by a nonparty entity that is the subject of a charging order to effectuate the charging order. *See* Minn. Stat. § 321.0703(a) ("The court may . . . make all other orders, directions, accounts, and inquiries . . . which the circumstances of

---

[2]      Trooien does not dispute that the Entities have a constitutionally sufficient relationship with the State of Minnesota.

the case may require to give effect to the charging order."), *id.* § 323.0504(a) ("The court may

. . . make all other orders, directions, accounts, and inquiries . . . which the circumstances of the

case may require."); Rev. Unif. Partnership Act § 504 authors' cmt. 5 (2009-2010 ed.) ("To

facilitate collection under the charging order, the court has the discretion to appoint a receiver,

ask for an accounting, or use other means at its discretion, depending on the circumstances.");

*see also City of Cloquet v. Cloquet Sand & Gravel, Inc.*, 251 N.W.2d 642, 644 (Minn. 1977) ("A

court of equity has broad discretion in fashioning remedies."). No obligation on the part of any

Entity shall arise until the Plaintiffs serve a copy of this Order on the Entity in the manner

prescribed by Minn. Stat. § 5.25 (2008). With the exception of a sworn answer reporting all

amounts distributable or payable to Trooien and the value of the capital and income accounts

attributable to Trooien's interest in the Entity, no Entity shall be required to produce the

additional organizational and financial documents sought by Plaintiffs without the opportunity to

appear at a hearing scheduled for 11:00 a.m. on Thursday, September 2, 2010, and object to the

production of documents or show cause why an order requiring the Entity to pay amounts

distributable or payable to Trooien to Plaintiffs until the Judgment is satisfied should not be

entered. Trooien does not explain why, in light of those conditions, the requirements for

personal jurisdiction are not met. To the extent any Entity disputes the Court's jurisdiction, the

Entity may make that argument, with citation to supporting authority, at or in advance of the

September 2 hearing.

**B.      Earnings exemptions**

      Trooien objects to entry of a charging order to the extent that his right to distributions

"may be exempt as earnings" pursuant to Minn. Stat. § 550.37, subds. 1, 13 (2008), and Del.

Code Ann. tit. 10, § 4913 (2010). A charging order does not deprive a judgment debtor of the

benefit of any applicable exemption laws. Del. Code Ann. tit. 6, § 18-703(c); Minn. Stat.
§§ 321.0703(d), 322B.32, 323A.0504(d). However, "[t]he burden of establishing that funds are
exempt rests upon the debtor." Minn. Stat. § 550.37, subd. 20; *see also* 35 C.J.S. *Exemptions*
§ 199 ("The burden of proving that property of the debtor is exempt rests upon the party
asserting the exemption."). Trooien submitted no evidence indicating what portion, if any, of his
distributions from the Entities are earnings. Should Trooien seek to limit the charging order
based on any exemptions, he shall present supporting evidence in advance of or at the September
2 hearing.

## C.   The Court's discretion

Finally, Trooien maintains that charging orders are permissive and asks the Court to limit
the scope of the charging order to those Entities that are judgment debtors in this case. Trooien
asserts that entry of a charging order as to the non-debtor Entities would negatively affect their
business operations, place them in default with their creditors, interfere with his ability to pledge
his partnership or membership interests in them to other creditors, and generally impair his
ability to enter into forbearance and workout agreements with other creditors.

"After the entry of a charging order, the debtor partner continues to be a partner and
retains all rights and obligations of a partner except the right to receive partnership distributions
until the creditor has been paid its judgment and interest thereon. The creditor is not an assignee
of the partnership interest, and is not entitled to participate in the management of the
partnership." J. William Callison & Maureen A. Sullivan, *Partnership Law & Practice* § 7:20
(2009) (footnote omitted). Similarly, "judgment creditor status does not give a nonmember
creditor any right to become a member of a limited liability company or to exercise governance
rights." Minn. Stat. Ann. § 322B.32 cmt. (1992). Consequently, entry of a charging order will

7

not interfere with the daily operation and management of the non-debtor Entities. The Judgment

entered six months ago—in an amount exceeding $17 million—remains wholly unsatisfied, and

Trooien admits that his interests in the debtor Entities have no value and are not expected to have

any value in the future. Trooien also admits that many of the non-debtor Entities are already in

default. In view of these facts, the possibility that entry of a charging order as to the non-debtor

Entities might place them in default or impair their and Trooien's relationships with other

creditors does not persuade the Court to limit the charging order to the debtor Entities.

Plaintiffs' motion for a charging order is granted.[3]

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.   Plaintiffs' Motion for Charging Order [Docket No. 29] is GRANTED.

2.   The individual interests of Gerald L. Trooien in the Entities are subjected to an encumbrance, a lien, and a charging order in favor of and for the benefit of Plaintiffs for payment of the Judgment dated December 21, 2009. Plaintiffs, having acquired a lien against Trooien's interests in the Entities pursuant to this Order, are each deemed a "lien creditor" within the meaning of Minn. Stat. § 336.9-102, subd. 52 (2008), with respect to Trooien's interests in the Entities.

3.   Plaintiffs shall serve a copy of this Order on each Entity through its registered agent or another party authorized to accept service on behalf of the Entity.

4.   Within fifteen days from the date this Order is served on an Entity, that Entity shall file with the Court and serve on Plaintiffs a sworn answer reporting all amounts distributable or payable to Trooien, at the time of service of this Order, attributable to his interest in such Entity. The sworn answer shall also state the value, at the time of service of this Order, of both the capital and the income accounts attributable to the interest of Trooien in such Entity. At all subsequent times that such amounts become

---

[3]   Trooien also contends that the appointment of a receiver would be inappropriate. Plaintiffs have not moved for a receiver. The Court will determine whether appointment of a receiver is appropriate if and when Plaintiffs make any such motion.

distributable or payable to Trooien, the Entity shall file with the Court and
serve on Plaintiffs a sworn answer reporting such amounts and the value
of both the capital and income accounts attributable to the interest of
Trooien in such Entity within fifteen days after the amounts become
distributable or payable.

5.     Each Entity served with a copy of this Order shall appear before the Court
at a hearing set for Thursday, September 2, 2010, at 11:00 a.m. in
Courtroom 12W of the United States Courthouse, 300 South Fourth Street,
Minneapolis, MN 55415, for the purpose of showing cause, if any, why an
order of the Court should not be entered requiring each such Entity to pay
over to Plaintiffs, until the entire balance on the Judgment is satisfied,
such amounts as may from time to time become distributable or payable to
Trooien by reason of his interest in that Entity.

6.     At or in advance of the September 2 hearing, Trooien and each Entity
served with a copy of this Order shall produce to Plaintiffs a copy of the
organizational documents of such Entity including any bylaws, member
control agreement, contribution agreement, resolutions, buy-sell
agreement, and any other agreement that may in any way affect the
interest of Trooien as a partner, a limited partner, a member, or an owner
of an interest in such Entity, along with evidence of the value of the
capital and income accounts attributable to the interest of Trooien and the
financial statements of the Entity and all tax returns filed in connection
with the Entity for the most recent three years.

7.     The Court reserves jurisdiction to enter further orders as may be
necessary, including, but not limited to, appointment of a receiver or
foreclosure of Plaintiffs' liens granted by this Order.

Dated:  July 28, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GENERAL ELECTRIC CAPITAL )
CORPORATION, a Delaware corporation, and )
GECPAC INVESTMENT II, INC., a Delaware )
corporation, )
)
    Plaintiffs, )
)
v. )    Civil No. 09-1200 (JNE/AJB)
)    ORDER
JLT AIRCRAFT HOLDING COMPANY, )
LLC, a Minnesota limited liability company, )
AIRCRAFT NO. 1074 COMPANY, LLC, a )
Minnesota limited liability company, and )
GERALD L. TROOIEN, an individual and )
citizen of Minnesota, )
)
    Defendants. )

    This matter came before the Court for a hearing on September 2, 2010, pursuant to the

July 28, 2010, Order [Docket No. 44] granting Plaintiffs General Electric Capital Corporation

and GECPAC Investment II, Inc.'s Motion for Charging Order against Defendant Gerald L.

Trooien's interests in the following business entities (collectively, Entities, and each

individually, Entity):

    1.  Kennedy Building Associates, a Minnesota general partnership, with a registered
       office located at 10 River Park Plaza #800, St. Paul, MN 55107;

    2.  676 Bielenberg Limited Partnership, a Minnesota limited partnership, with a registered
       office located at 10 River Park Plaza #800, St. Paul, MN 55107;

    3.  Revenue Building Limited Partnership, a Minnesota limited partnership, with a registered
       office located at 10 River Park Plaza #800, St. Paul, MN 55107;

    4.  River Properties of St. Paul Limited Partnership, a Minnesota limited partnership, with a
       registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

    5.  Midway Warehouse Limited Partnership, a Minnesota limited partnership, with a
       registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

    6.  JLT Mobil Building Limited Partnership, a Minnesota limited partnership, with a
       registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;



EXHIBIT

B

7.  Trooien & Associates Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

8.  Summit Aircraft Limited Partnership, a Minnesota limited partnership, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

9.  Minnesota Choice Aviation II, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Rd., Little Canada, MN, 55117;

10. Minnesota Choice Aviation III, Limited Partnership, a Minnesota limited partnership, with a registered office located at 3080 Centerville Rd., Little Canada, MN, 55117;

11. Bren Road, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

12. Shepard Road Acquisition Company, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

13. Shepard Road Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

14. Alexandra & Associates, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

15. Alexandra & Associates, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

16. TEAM PARKING, L.L.C. f/k/a Park 'n Jet, LLC, a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

17. 3200 Como Assoc., LLC, a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

18. Hiawatha Acquisitions, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

19. TriTech .67, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

20. TriTech 1.08, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

21. North Prior, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

2

22. JLT East River Road, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

23. Fillmore & State Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

24. Battle Creek Lake Acquisition Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

25. Century & Lake Holding, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

26. North Tamarack Associates, L.L.C., a Delaware limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

27. West-Biel 15.5, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

28. JLT Aircraft Holding Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

29. JC Membership Investment Company, LLC, a Minnesota limited liability company, with a registered office located at 10 River Park Plaza #800, St. Paul, MN 55107;

30. Minnesota Choice Aviation II, LLC, a Minnesota limited liability company, with a registered office located at 3080 Centerville Rd., Little Canada, MN 55117; and

31. Minnesota Choice Aviation III, LLC, a Minnesota limited liability company, with a registered office located at 3080 Centerville Rd., Little Canada, MN 55117.

Paul L. Ratelle, Esq., and Megan M. Kennedy, Esq., Fabyanske Westra Hart & Thomson, PA, appeared for Plaintiffs. Douglas W. Kassebaum, Fredrikson & Byron, PA, appeared for Defendants and twenty-seven of the Entities (numbered above as entities 1-8 and 11-29). Minnesota Choice Aviation II, Limited Partnership; Minnesota Choice Aviation III, Limited Partnership; Minnesota Choice Aviation II, LLC; and Minnesota Choice III, LLC, did not appear.

Upon service of the July 28 Order on each Entity, each Entity filed with the Court and served upon Plaintiffs sworn answers. However, each Entity failed to provide in its answer a

report of all amounts distributable or payable to Trooien and the value of both the capital and

income accounts, attributable to his interest in such Entity, *at the time of service of the July 28*

*Order*.  Instead, the answers for the Entities as to which Trooien signed[1] stated the value of the

capital account attributable to the interest of Trooien in such Entity as of *December 31, 2009*,

and the value of the income account attributable to the interest of Trooien in such Entity as of

*December 31, 2008*.

At or in advance of the September 2 hearing, Trooien and each Entity served with a copy

of the July 28 Order was required to produce to Plaintiffs:

> [A] copy of the organizational documents of such Entity including any bylaws,
> member control agreement, contribution agreement, resolutions, buy-sell
> agreement, and any other agreement that may in any way affect the interest of
> Trooien as a partner, a limited partner, a member, or an owner of an interest in
> such Entity, along with evidence of the value of the capital and income accounts
> attributable to the interest of Trooien and the financial statements of the Entity
> and all tax returns filed in connection with the Entity for the most recent three
> years.

[Docket No. 44.]  As of the date of the hearing, Plaintiffs have not had sufficient time to

determine whether the Entities have provided all of the documents as ordered by the Court.

Before the scheduled hearing, each Entity, by its counsel, filed with the Court a letter

stating that it did not object to the entry of an order by this Court as contemplated in the July 28

Order.  [Docket Nos. 49 and 51.]

Based on the file, records, and proceedings herein, and for the reasons stated above, IT IS

ORDERED THAT:

1. Each Entity is hereby required to pay over to Plaintiffs, each a lien creditor
   within the meaning of Minn. Stat. § 336.9-102, subd. 52 (2008), with respect
   to Trooien's interest in that Entity, until the entire balance on the Judgment is
   satisfied, such amounts as may from time to time become distributable or
   payable to Trooien by reason of his interest in that Entity pursuant to the

---

[1]     The affidavits of Minnesota Choice Aviation II, LLC, and Minnesota Choice Aviation
III, LLC, were signed by David N. Kloeber, Jr. [Docket No. 47.]

encumbrance, lien, and charging order in favor of and for the benefit of
Plaintiffs and payment of the Judgment dated December 21, 2009.

2. At all subsequent times that such amounts described in paragraph 1 become
   distributable or payable to Trooien, each Entity shall file with the Court and
   serve on Plaintiffs a sworn answer reporting such amounts and the current
   value of both the capital and income accounts attributable to the interest of
   Trooien in such Entity within fifteen days after the amounts become
   distributable or payable.

3. Within fifteen days from the date of this Order, each Entity shall file with the
   Court and serve on Plaintiffs an amended sworn answer reporting all amounts
   distributable or payable to Trooien and the value of both the capital and
   income accounts attributable to the interest of Trooien in such Entity as of
   August 31, 2010.

4. To the extent not produced to Plaintiffs as of September 2, 2010, each of the
   Entities shall produce, no later than fifteen days from the date of this Order, to
   Plaintiffs through their counsel, a copy of the organizational documents of
   such Entity including, any bylaws, member control agreement, contribution
   agreement, resolutions, buy-sell agreement and any other agreement that may
   in any way affect the interest of Trooien as a partner, a limited partner, a
   member, or an owner of an interest in such Entity, along with true evidence of
   the value of the capital and income accounts attributable to the interest of
   Trooien and the financial statements of the Entity and all tax returns filed in
   connection with the Entity for the most recent three years.

5. The Court reserves jurisdiction to enter all further orders against the Entities
   as may be necessary to facilitate collection of all amounts distributable or
   payable to Trooien by reason of his interest in any Entity pursuant to the
   encumbrance, lien, and charging order granted in favor of and for the benefit
   of Plaintiffs under the Order, including, but not limited to, appointment of a
   receiver, foreclosure of Plaintiffs' liens granted by such Order, or the
   requirement that any Entity provide information including, without limitation,
   financial statements of the Entity and tax returns filed in connection with the
   Entity.

Dated:  September 2, 2010                    s/ Joan N. Ericksen
                                             JOAN N. ERICKSEN
                                             United States District Judge

## EXHIBIT C

[WITHHELD PENDING MOTION FOR PROTECTIVE ORDER]

# EXHIBIT D

[WITHHELD PENDING MOTION FOR PROTECTIVE ORDER]